**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective
Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

BLADIMIR CASTILLO and FRANCELYS
ESPINOZA CRUZ, *on behalf of themselves,*
*FLSA Collective Plaintiffs, and the Class,*

      Plaintiffs,

      v.

MENDOZA AUTO REPAIR, INC., and
JOSE MENDOZA,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiffs BLADIMIR CASTILLO and FRANCELYS ESPINOZA CRUZ ("Plaintiffs"),

on behalf of themselves and others similarly situated, by and through their undersigned attorneys,

hereby file this Class and Collective Action Complaint against MENDOZA AUTO REPAIR, INC.

("Corporate Defendant"), and JOSE MENDOZA ("Individual Defendant) (each individually,

"Defendant" or, collectively, "Defendants"), and state as follows:

<u>**INTRODUCTION**</u>

      1.     Plaintiffs allege, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§

201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages, including overtime wages, due to misclassification of non-exempt

1

workers as exempt, (2) unreimbursed expenses, (3) liquidated damages and (4) attorney's fees and costs.

2.      Plaintiffs further allege, pursuant to New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to misclassification of non-exempt workers as exempt, (2) unreimbursed expenses, (3) unpaid spread of hours premiums, (4) liquidated damages, (5) statutory penalties, and (6) attorney's fees and costs.

3.      Plaintiffs allege on behalf of themselves, and others similarly situated that Defendants willfully filed fraudulent information returns regarding Plaintiffs, FLSA Collective Plaintiffs and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

4.      Plaintiffs further allege on behalf of themselves, and others similarly situated, that Defendants breached their contract with Plaintiffs, FLSA Collective Plaintiffs and Class members by failing to pay employer payroll taxes for Plaintiffs, FLSA Collective Plaintiffs and Class members, as required by Federal Insurance Contribution Act ("FICA").

5.      Plaintiffs also allege that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiffs, FLSA Collective Plaintiffs and Class members.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Corporate Defendant is headquartered in this District and because the events giving rise to this action took place in this District.

## PARTIES

*Plaintiffs:*

8.      Plaintiff BLADIMIR CASTILLO is a resident of Queens County, New York.

9.      Plaintiff FRANCELYS ESPINOZA CRUZ is a resident of Queens County, New York.

*Defendants:*

10.      Corporate Defendant MENDOZA AUTO REPAIR, INC. is domestic business corporation organized under the laws of New York with a principal place of business located at 7 Ralph Ave, Copiague, NY 11726 and address for service of process at 480 Marconi Blvd., Copiague, NY 11726.

11.      Individual Defendant JOSE MENDOZA is the owner of MENDOZA AUTO REPAIR, INC.

12.      JOSE MENDOZA exercised functional control over the business and financial operations of MENDOZA AUTO REPAIR, INC.  and over the terms and conditions of Plaintiffs' employment, and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiffs, FLSA Collective Plaintiffs and Class members, JOSE MENDOZA exercised his power to (and also delegated to managers and supervisors the power to: (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (v) otherwise affect the quality of employment. JOSE MENDOZA had ultimate authority over employee-related decisions,

including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class members.

13.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

14.     At all relevant times, Defendants were Plaintiffs' employer within the meaning of NYLL § § 2 and 651.

15.     At all relevant times, Plaintiffs were Defendants' employees within the meaning of NYLL § § 2 and 651.

16.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt fixed-salary employees (including, but not limited to, tire repairmen, secretaries, janitors, mechanics, and counter persons, among others) employed by Defendants on or after the date that is six (6) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages owed due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

20.     Plaintiffs brings claims under NYLL for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt fixed-salary employees (including, but not limited to, tire repairmen, secretaries, janitors, mechanics, and counter persons, among others) employed by Defendants on or after the date that is six (6) years before the filing of this Complaint (the "Class Period).

21.     At all relevant times, Plaintiffs and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

22.     The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are based are presently within the sole control of Defendants, and there is no doubt that there are more than forty (40) Class members in the Class.

24.     Plaintiffs' claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay wages, including overtime wages, because of a policy of misclassifying employees as exempt, in violation of NYLL.

25.     Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class members in violation of NYLL.

26.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual class members lack the financial resources to vigorously prosecute a lawsuit against a

corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiffs and Class members within the meaning of NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

d)  Whether Defendants paid Plaintiffs and Class members overtime wages for all overtime hours worked;

e)  Whether Defendants failed to compensate Plaintiffs and Class members for additional on-the-job expenses incurred;

f)  Whether Defendants wrongly treated Plaintiffs and Class members as exempt;

g)  Whether Defendants paid Plaintiffs and Class members spread of hours premiums, as required under NYLL;

h)  Whether Defendants provided proper wage statements to Class members per requirements of NYLL; and

i)  Whether Defendants provided proper wage notices to Class members per requirements of NYLL.

## <u>STATEMENT OF FACTS</u>

*Plaintiff Bladimir Castillo:*

31.     Plaintiff BLADIMIR CASTILLO ("Plaintiff CASTILLO") was employed by Defendants as a tire repair man from in or around December 2021 to in or around March 2022. Plaintiff CASTILLO's duties primarily included repairing flat tires, but at all times, he was required to perform additional tasks as required by Defendants.

32.     Plaintiff CASTILLO was scheduled to work Mondays to Saturdays, from 9 a.m. to 6 p.m. for a total of fifty-four (54) hours per week. Despite this schedule, Plaintiff CASTILLO was required to continue working until 7 or 8 p.m. on most days, resulting in Plaintiff CASTILLO

regularly working a total of sixty-six (66) hours each week. FLSA Collective Plaintiffs and Class members were required to work similar schedules.

33.     At all times of Plaintiff CASTILLO's employment, he was required to work through his lunch breaks. As a result, Plaintiff CASTILLO was never permitted to take a free and clear meal break. FLSA Collective Plaintiffs and Class members were similarly required to work through their lunch breaks.

34.     During the entire time of Plaintiff CASTILLO's employment, he was paid weekly on a fixed salary basis. Plaintiff CASTILLO was compensated $500 in cash each week, regardless of how many hours he worked in a workweek. There was never any agreement between Plaintiff CASTILLO and Defendants that this fixed salary would cover overtime hours. From his discussions with co-workers, Plaintiff CASTILLO learned that other employees of Defendants were also compensated in cash on a fixed salary basis regardless of the number of hours they worked in a workweek. There was no agreement between Class members and Defendants that this fixed salary would cover overtime hours.

35.     Defendants were not entitled to classify Plaintiff CASTILLO as an exempt worker under either FLSA or NYLL. FLSA Collective Plaintiffs and Class members similarly are not exempt.

36.     As a result of Defendants compensating Plaintiff CASTILLO on a fixed salary basis, Plaintiff CASTILLO's effective hourly rate was approximately nine dollars and twenty-six cents ($9.26) per hour when he worked his regularly scheduled shift, which was fifty-four (54) hours per week. When Plaintiff CASTILLO worked beyond his scheduled shift, which he was required to do most days, Plaintiff CASTILLO's effective hourly rate was much lower. As a result, at all times, Defendants compensated Plaintiff CASTILLO below the statutory minimum wage

rate. FLSA Collective Plaintiffs and Class members were similarly compensated at hourly rates far below the statutory minimum wage rate.

37.     Throughout Plaintiff CASTILLO's employment, at least two weeks per month, Defendants required him to use his personal vehicle to make various trips to pick up auto parts from vendors, but they did not reimburse Plaintiff CASTILLO for the out-of-pocket costs associated with making these trips. Such trips would cost Plaintiff approximately forty dollars ($40) per month, which further reduced Plaintiff CASTILLO's salary below the applicable minimum wage.

38.     During the duration of Plaintiff CASTILLO's employment, Plaintiff CASTILLO and Class members regularly worked shifts exceeding ten (10) hours in duration, but Defendants failed to pay Plaintiff CASTILLO or Class members their spread of hours premiums for these shifts, as required by NYLL.

***Plaintiff Francelys Espinoza Cruz:***

39.     Plaintiff Francelys Espinoza Cruz ("Plaintiff CRUZ") was employed by Defendants as a secretary from in or around August 2021 to in or around April 2022. Plaintiff CRUZ's duties included performing office work, traveling to pick up auto parts, cleaning the shop, and additional tasks as required by Defendants.

40.     Plaintiff CRUZ was scheduled to work Mondays to Saturdays, from 9 a.m. to 6 a.m. for a total of fifty-four (54) hours per week. Despite this schedule, Plaintiff CRUZ was required to continue working until 7 or 8 p.m. on most days, resulting in Plaintiff CRUZ regularly working a total of sixty-six (66) hours each week. FLSA Collective Plaintiffs and Class members were required to work similar schedules.

41.     At all times of Plaintiff CRUZ's employment, she was required to work through her lunch breaks. As a result, Plaintiff CRUZ was never permitted to take a free and clear meal break. FLSA Collective Plaintiffs and Class members were similarly required to work through their lunch breaks.

42.     During the entire time of Plaintiff CRUZ's employment, she was paid weekly on a fixed salary basis. Plaintiff CRUZ was compensated $500 in cash each week, regardless of how many hours she worked in a workweek. There was never any agreement between Plaintiff CRUZ and Defendants that this fixed salary would cover overtime hours. From discussions with co-workers, Plaintiff CRUZ learned that other employees of Defendants were also compensated in cash on a fixed salary basis, regardless of the number of hours they worked in a workweek. There was no agreement between Class members and Defendants that this fixed salary would cover overtime hours.

43.     Defendants were not entitled to classify Plaintiff CRUZ as an exempt worker under either FLSA or NYLL. FLSA Collective Plaintiffs and Class members similarly are not exempt.

44.     As a result of Defendants' compensating Plaintiff CRUZ on a fixed salary basis, Plaintiff CRUZ's effective hourly rate was approximately nine dollars and twenty-six cents ($9.26) per hour when she worked her regularly scheduled shift, which was fifty-four (54) hours per week. When Plaintiff CRUZ worked beyond her scheduled shift, which she was required to do on most days, Plaintiff CRUZ's effective hourly rate was much lower. As a result, at all times, Defendants compensated Plaintiff CRUZ below the statutory minimum wage rate. FLSA Collective Plaintiffs and Class members were similarly compensated at hourly rates far below the statutory minimum wage rate.

45.     Throughout Plaintiff CRUZ's employment, at least two weeks per month, Defendants required her to use her personal vehicle to make various trips to pick up auto parts from vendors, but they did not reimburse Plaintiff CRUZ for the out-of-pocket costs associated with making these trips. Such trips would cost Plaintiff approximately forty dollars ($40) per month, which further reduced Plaintiff CRUZ's salary below the applicable minimum wage.

46.     During the duration of Plaintiff CRUZ's employment, Plaintiff CRUZ and Class members regularly worked shifts exceeding ten (10) hours in duration, but Defendants failed to pay Plaintiff CRUZ or Class members their spread of hours premiums for these shifts, as required by NYLL.

47.     As a result of Defendants' policy to compensate Plaintiffs, FLSA Collective Plaintiffs and Class members in cash, Defendants failed to provide Plaintiffs, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiffs, FLSA Collective Plaintiffs and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5,000 to Plaintiffs, FLSA Collective Plaintiffs, and Class members for each fraudulent filing, which would have to be at least once a year.

48.     In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiffs, FLSA Collective Plaintiffs and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

49.     Defendants also unjustly enriched themselves at the expense of Plaintiffs, FLSA Collective Plaintiffs and Class members by retaining monies that should have been remitted to the IRS on behalf of Plaintiffs, FLSA Collective Plaintiffs and Class members.

50.     As a result, Plaintiffs, FLSA Collective Plaintiffs and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

51.     The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiffs, FLSA Collective Plaintiffs and Class members 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

52.     Defendants are liable to Plaintiffs, FLSA Collective Plaintiffs and Class members for failing to pay FICA taxes for the wages earned by Plaintiffs, FLSA Collective Plaintiffs and Class members.

53.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

54.     At no time during the relevant periods did Defendants provide Plaintiffs with proper wage statements as required by NYLL. Similarly, Class members were not provided with proper wage statements.

55.     From discussions with coworkers, Plaintiffs learned that many other employees of Defendants also failed to receive overtime wages and had also been improperly paid on a fixed salary basis.

56.     Defendants' violations of FLSA and NYLL were willful, as Defendants were perfectly aware that Plaintiffs were not qualified as an exempt employee under either FLSA or NYLL.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

57.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

58.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

60.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

61.     At all relevant times, Defendants had a policy of improperly compensating Plaintiffs and FLSA Collective Plaintiffs on a fixed salary basis.

62.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, in violation of FLSA.

63.     At all relevant times, Defendants engaged in a policy and practice of failing to reimburse delivery Plaintiffs and FLSA Collective Plaintiffs vehicle expenses in violation of the requirements found in the FLSA.

64.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

65.     Defendants showed a willful disregard for the provisions of FLSA as evidenced by their willful failure to compensate Plaintiffs and FLSA Collective Plaintiffs for overtime work.

66.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

67.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages, pursuant to FLSA.

68.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount to be determined at trial, plus an equal amount as liquidated damages.

69.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

70.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

71.     At all relevant times, New York Class members were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72.     At all relevant times, Defendants had a policy of improperly compensating Plaintiffs and Class members on a fixed salary basis.

73.     Defendants knowingly and willfully failed to pay Plaintiffs and Class members for proper wages, including overtime wages, due to a policy of misclassifying them as exempt, in violation of NYLL.

74.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread of hours premiums for shifts of ten (10) hours or more in duration.

75.     At all relevant times, Defendants engaged in a policy and practice of failing to reimburse delivery Plaintiffs and Class members vehicle expenses in violation of the requirements found in the NYLL.

76.     Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage statements as required under NYLL.

77.     Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage and hour notices as required under NYLL.

78.     Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, including unpaid overtime wages, unreimbursed vehicle expenses, reasonable attorney's fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

### (Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)

79.     Plaintiffs reallege all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

80.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

81.     By failing to provide Plaintiffs, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs, FLSA Collective Plaintiffs, and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

82.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

83.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiffs, FLSA Collective Plaintiffs, and the Class for reasonable attorney's fees.

## COUNT IV

## BREACH OF CONTRACT

**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

84.     Plaintiff reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

85.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were

included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

86.     When Plaintiffs, FLSA Collective Plaintiffs and Class members accepted offers of employment from Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiffs, FLSA Collective Plaintiffs and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty to abide by the Internal Revenue Code and pay all required FICA taxes.

87.     Defendants breached this duty when they decided to pay Plaintiffs, FLSA Collective Plaintiffs and Class members in cash without withholdings or deductions, and not file proper W-2 forms. As a result, Plaintiffs and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf, but did not.

## COUNT V

## UNJUST ENRICHMENT

### (Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)

88.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

89.     To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

90.     Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiffs, FLSA Collective Plaintiffs and Class members because they will either: (1) be liable to the IRS for the employer's share, or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

91.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiffs, FLSA Collective Plaintiffs and Class members.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.   A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiff and Class members;

c.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.   An award of unpaid wages, including overtime wages, due under FLSA and NYLL;

e.   An award of unreimbursed vehicle expenses due under FLSA and NYLL;

f.   An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to FLSA;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to NYLL;

h.   An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

i.   An award of unpaid spread of hours premium under NYLL;

j.   An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

k.   Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

l.   Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

m.   An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

n.   Designation of Plaintiffs as the Representative of FLSA Collective Plaintiffs;

o.   Designation of this action as a class action pursuant to F.R.C.P. 23;

p.   Designation of Plaintiffs as Representative of the Class; and

q.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: June 30, 2022                    Respectfully submitted,

                                        LEE LITIGATION GROUP, PLLC

                            By:    */s/ C.K. Lee*

                                        C.K. Lee, Esq. (CL4086)
                                        Anne Seelig (AS 3976)
                                        148 West 24th Street, Eighth Floor
                                        New York, NY 10011
                                        Tel.: (212) 465-1188
                                        Fax: (212) 465-1181
                                        *Attorneys for Plaintiffs, FLSA Collective*
                                        *Plaintiffs, and the Class*